UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PAMELA B. O/B/O MICHAEL P., an Individual,

          Plaintiff,

          v.

ANDREW M. SAUL, Commissioner of Social Security,

          Defendant.

Case No.: 2:18-03647 ADS

MEMORANDUM OPINION AND ORDER

## I.  **<u>INTRODUCTION</u>**

Plaintiff Pamela B., on behalf of Michael P. ("Plaintiff"),[1] challenges Defendant

Andrew M. Saul[2], Commissioner of Social Security's (hereinafter "Commissioner" or

---

[1] Plaintiff's and his representative's names have been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] On June 17, 2019, Saul became the Commissioner of Social Security.  Thus, he is automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d).

"Defendant") denial of his applications for a period of disability and disability insurance benefits ("DIB"), and supplemental security income ("SSI").  Plaintiff contends that the Administrative Law Judge ("ALJ") improperly assessed his mental residual functional capacity ("RFC"), as well as erred in finding that Plaintiff had the ability to perform jobs existing in significant numbers in the national economy.  For the reasons stated below, the decision of the Commissioner is affirmed, and this matter is dismissed with prejudice.

## II.  FACTS RELEVANT TO THE APPEAL

Plaintiff testified that he has a high school education and worked as an electrician for twenty-five (25) years, until he was laid off in 2010.  (Administrative Record "AR" 51, 69-70).  Plaintiff worked for a company and at the beginning of his career did a lot of residential work, but he mainly did commercial electrical work at the end.  (AR 69-70).  After Plaintiff lost his job, he testified that he did try to find work in the electrical field or warehouse work but was never able to secure a new job.  (AR 71).  Plaintiff testified that shortly after losing his job, however, was when his neuropathy kicked in and his alleged disability onset date is stated as October 7, 2010.  (AR 51, 70).

When asked as to his primary problem, Plaintiff stated that it "is my feet and back . . . and my neck."  (AR 71).  Plaintiff likened the pain in his feet to "walking on a bed of needles."  Id.  Plaintiff further testified that his diabetes and hypertension were not under control.  (AR 71-72).  These were the only problems that Plaintiff identified as preventing him from working when questioned by the ALJ.  Under questioning by his attorney, Plaintiff also testified that he had received psychiatric care for depression and was taking medication for depression as well.  (AR 74).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### III.   **PROCEEDINGS BELOW**

#### A. **Procedural History**

Plaintiff protectively filed his applications for DIB and SSI on July 7, 2014, alleging disability beginning October 7, 2010. (AR 189-95, 196-204).  Plaintiff was insured for DIB through June 30, 2013.  (AR 206-07).  Plaintiff's claims were denied on October 8, 2014 (AR 125-29, 130-34), and on November 10, 2014, Plaintiff filed a request for hearing before an ALJ (AR 138-39).  A hearing was held before ALJ Sally C. Reason on June 15, 2016.  (AR 49-78).  Plaintiff, represented by counsel, appeared and testified at the hearing, as well as medical expert Kweli J. Amusa, MD, and vocational consultant Antonio R. Reyes.  Id.

On September 16, 2016, the ALJ issued a partially favorable decision, finding that Plaintiff had been disabled within the meaning of the Social Security Act[3] since February 3, 2015, but not prior thereto.[4]  (AR 24-48).  On October 11, 2016, Plaintiff filed a request for review of the ALJ's decision with the Appeals Council.  (AR 184-88).  Plaintiff passed away on June 26, 2017, and his sister, Pamela B., substituted in as a party to his claim.  (AR 7, 10).  The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on March 23, 2018.  (AR 1-6).  Plaintiff then filed this action in District Court on April 30, 2018, challenging the ALJ's decision.  [Docket ("Dkt.") No. 1].

---

[3] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A).

[4] As Plaintiff was insured for DIB only through June 30, 2013, the ALJ's finding effectively denied Plaintiff's DIB claim.  Plaintiff was only awarded benefits on his SSI claim, from February 3, 2015.

1  On September 11, 2018, Defendant filed an Answer, as well as a copy of the

2  Certified Administrative Record.  [Dkt. Nos. 14, 15].  The parties filed a Joint

3  Submission on February 6, 2019.  [Dkt. No. 20].  The case is ready for decision.[5]

4  **B. <u>Summary of ALJ Decision After Hearing</u>**

5  In the decision (AR 28-43), the ALJ followed the required five-step sequential

6  evaluation process to assess whether Plaintiff was disabled under the Social Security

7  Act.[6]  20 C.F.R. §§ 404.1520(a) and 416.920(a).  At **step one**, the ALJ found that

8  Plaintiff had not been engaged in substantial gainful activity since October 7, 2010, the

9  alleged onset date.  (AR 30).  At **step two**, the ALJ found that Plaintiff had the

10  following severe impairments: (a) status post left ulna nerve surgery; (b) diabetes

11  mellitus; (c) hypertension; (d) obesity; and (e) depression.  (AR 30).  At **step three**, the

12  ALJ found that since the alleged onset date of October 7, 2010, Plaintiff "has not had an

13  impairment or combination of impairments that meets or medically equals the severity

14  of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR

15  404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)."  (AR 31).

16

17  [5] The parties filed consents to proceed before the undersigned United States Magistrate

18  Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment.  [Dkt. Nos. 8, 10].

19  [6] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity?  If so, the

20  claimant is found not disabled.  If not, proceed to step two.  Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not

21  disabled is appropriate.  Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?

22  If so, the claimant is automatically determined disabled.  If not, proceed to step four. Step four: Is the claimant capable of performing his past work?  If so, the claimant is not

23  disabled.  If not, proceed to step five.  Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If

24  not, the claimant is disabled.  <u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (citing 20 C.F.R. §404.1520).

-4-

The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC")[7] to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)[8], except:

> [Plaintiff] can stand and walk for 6 hours in an 8-hour day, one hour at a time, but never climb ladders, ropes, and scaffolds, occasionally balance, stoop, crouch, kneel, and crawl.  [Plaintiff] can occasionally be exposed to extreme temperatures, vibratory equipment, and uneven terrain.  [Plaintiff] can occasionally use the left upper extremity (non-dominant) for gross and fine motor functions.

(AR 32-33).

At **step four**, based on Plaintiff's RFC and the vocational expert's testimony, the ALJ found that Plaintiff could not perform his past relevant work as an electrician.  (AR 41).  At **step five**, the ALJ found that "[p]rior to February 3, 2015, the date [Plaintiff's] age category changed," considering Plaintiff's age, education, work experience, RFC and the vocational expert's testimony,  there "were jobs that exist in significant numbers in the national economy that [Plaintiff] could have performed" such as clerk, furniture rental clerk and gate attendant.  (AR 41-42).

---

[7] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations.  See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[8] "Light work" is defined as

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b); see also Rendon G. v. Berryhill, 2019 WL 2006688, at *3 n.6 (C.D. Cal. May 7, 2019).

1    The ALJ also found that "[b]eginning on February 3, 2015, the date [Plaintiff's]

2    age category changed," considering Plaintiff's age, education, work experience, RFC and

3    the vocational expert's testimony, "there are no jobs that exist in significant numbers in

4    the national economy that [Plaintiff] could perform."  (AR 42).   Accordingly, the ALJ

5    determined that Plaintiff was not disabled prior to February 3, 2015 but became

6    disabled on that date and has continued to be disabled through the date of the decision,

7    September 16, 2016.  (AR 42).  However, the ALJ determined that the Plaintiff was not

8    under a disability within the meaning of the Social Security Act at any time through

9    June 30, 2013, the date last insured.  (AR 42).

10   **IV.   ANALYSIS**

11        **A.  Issues on Appeal**

12        Plaintiff raises two issues for review: whether the ALJ (1) erred in the

13   determination of Plaintiff's mental RFC; and (2) erred in finding that Plaintiff had the

14   ability to perform jobs existing in significant numbers in the national economy.  [Dkt.

15   No. 20, p. 3].

16        **B.  Standard of Review**

17        A United States District Court may review the Commissioner's decision to deny

18   benefits pursuant to 42 U.S.C. § 405(g).  The District Court is not a trier of the facts but

19   is confined to ascertaining by the record before it if the Commissioner's decision is

20   based upon substantial evidence.  Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014)

21   (District Court's review is limited to only grounds relied upon by ALJ) (citing Connett v.

22   Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).  A court must affirm an ALJ's findings of

23   fact if they are supported by substantial evidence and if the proper legal standards were

24   applied.  Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001).  An ALJ can satisfy

the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence.  Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted).  "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ.").  However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [s]he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless, that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citation omitted); Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012).

C.  **The ALJ Properly Assessed Plaintiff's RFC**

Plaintiff contends that his assessed RFC is not supported by substantial evidence because the ALJ should have included additional mental limitations in the RFC finding. Specifically, Plaintiff contends ALJ's decision was contrary to the opinions of the examining and reviewing physicians.

1.  Legal Standard for Consideration of Impairments in the Disability Evaluation and for Weighing Medical Opinions

At step three of the sequential evaluation, the ALJ determines whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal a listed impairment.  Before turning to step four, the ALJ fashions the claimant's RFC.  A district court must uphold an ALJ's RFC assessment when the ALJ has applied the proper legal standard and substantial evidence in the record as a whole supports the decision.  Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).  In making an RFC determination, the ALJ may consider those limitations for which there is support in the record and need not consider properly rejected evidence or subjective complaints.  Id.  The Court must consider the ALJ's decision in the context of "the entire record," and if the "'evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld."  Ryan, 528 F.3d at 1198 (citation omitted).

An ALJ is not obligated to discuss "every piece of evidence" when interpreting the evidence and developing the record.  See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (citation omitted).  Similarly, an ALJ is also not obligated to discuss every word of an opinion or include limitations not actually assessed by the medical professional.  See Fox v. Berryhill, 2017 WL 3197215, *5 (C.D. Cal. July 27, 2017); Howard, 341 F.3d at 1012.

-8-

The ALJ must also consider all medical opinion evidence.  20 C.F.R. §§ 404.1527(b), 416.927(b).  "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester, 81 F.3d at 830 (citing Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)). Where the treating doctor's opinion is not contradicted by another doctor, it may only be rejected for "clear and convincing" reasons.  Id. (citing Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005)).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017) (quoting Bayliss, 427 F.3d at 1216).

 "Substantial evidence" means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion."  Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Robbins, 466 F.3d at 882).  "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted); see also Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding ALJ had properly disregarded a treating physician's opinion by setting forth specific and legitimate reasons for rejecting the physician's opinion that were supported by the entire record).

1

2.  <u>The ALJ Properly Considered Plaintiff's Mental Impairments.</u>

2

In assessing Plaintiff's mental impairment, the ALJ stated:

3

4

5

The record does not support that depression rendered the claimant disabled.  The claimant has never been hospitalized in a psychiatric hospital for an extended period for his mental health impairment of depression. His suicidal ideation appears secondary to acute life events, such as the break-up with his girlfriend.

6

(AR 37).

7

The ALJ then provided a significant review and analysis of Plaintiff's mental

8

health records to support her finding.  (AR 37-40).  The ALJ considered the opinion of

9

the State agency medical consultant, Elizabeth Covey, Ph.D. (AR 85-103) and the

10

consultative examiner who performed a comprehensive psychological evaluation of

11

Plaintiff in September 2014, Avazeh Chehrazi, Ph.D. (AR 919-24).  Plaintiff contends

12

that the ALJ rejected the opinions of both Dr. Chehrazi and Dr. Covey, failing to provide

13

any '"clear and convincing' reasons and/or 'specific and legitimate' reasons, and

14

concluded that Plaintiff had no mental limitations other than to simple repetitive tasks

15

(unskilled work)."  [Dkt. 20, 6].

16

Preliminarily, the Court notes the ALJ found that Plaintiff was limited to light

17

work and, as Plaintiff states points out, did limit him to simple repetitive tasks as well.

18

(AR 31-33, 40).  Accordingly, she necessarily credited aspects of Plaintiff's subjective

19

complaints and the findings of the examining, and reviewing physicians.  To the extent

20

the ALJ rejected portions of Dr. Covey and Dr. Chehrazi's opinions, she complied with

21

<u>Magallanes</u> and provided specific and legitimate reasons for doing so that are supported

22

by the entire record.

23

As mentioned above, in addition to limiting Plaintiff in the RFC to light work, the

24

ALJ found Plaintiff was limited to "simple repetitive tasks."  (AR 40).  The ALJ

-10-

1    specifically stated that that she considered "all symptoms" in fashioning the RFC.  (AR

2    33).  In doing so, the ALJ considered Plaintiff's subjective statements and testimony

3    about his mental health treatment, the mental health records of evidence, and the fact

4    that no treating or examining medical source assessed him as precluded from sustaining

5    work activity due to any mental health issues.  (AR 37-40).

6         Plaintiff has failed to show how this exhaustive consideration of his mental health

7    issues was in error.  As mentioned, the ALJ found depression to be a severe impairment

8    at step two, assessed Plaintiff's mental functioning at step three and acknowledged that

9    the "paragraph B" and "paragraph C" criteria are separate findings from the RFC, and

10   then considered all of Plaintiff's mental health issues in assessing her RFC.  (AR 31-33,

11   37-40).  Accordingly, Plaintiff has not shown the ALJ failed to consider his mental

12   impairments in assessing the RFC.

13        To the extent Plaintiff also contends that the ALJ should have included even

14   more restrictive limitations in the RFC, Plaintiff has failed demonstrate he is entitled to

15   relief.  Plaintiff has not pointed to any opinion precluding him from all work activity on

16   account of mental health issues.  See, e.g., Matthews v. Shalala, 10 F.3d 678, 680 (9th

17   Cir. 1993) (substantial evidence supported finding claimant, although impaired, was not

18   disabled and could perform work because "[n]one of the doctors who examined

19   [claimant] expressed the opinion that he was totally disabled").  Further, he has not

20   explained how the single "moderate" findings in the paragraph B and paragraph C

21   analysis or any of his other mental limitations are sufficiently restrictive to ultimately

22   preclude him from performing work.  See, e.g., Hoopai, 499 F.3d at 1077 (explaining the

23   Ninth Circuit has not "held mild or moderate depression to be a sufficiently severe non-

24   exertional limitation that significantly limits a claimant's ability to do work beyond the

exertional limitation."); <u>Shapiro v. Berryhill</u>, 2020 WL 836830, at *1, 6 (D. Nev. Feb. 20, 2020) (RFC that included restriction to simple, non-detailed, non-complex work, with occasional interaction with co-workers and supervisors but never the public, adequately accounted for the moderate findings in two paragraph B criteria); <u>Ball v. Colvin</u>, 2015 WL 2345652, at *3 (C.D. Cal. May 15, 2015) ("As the ALJ found that Plaintiff's mental impairments were minimal, the ALJ was not required to include them in Plaintiff's RFC."); <u>Sisco v. Colvin</u>, 2014 WL 2859187, at *7-8 (N.D. Cal. June 20, 2014) (ALJ not required to include in RFC assessment mental impairment that imposed "no significant functional limitations").

Plaintiff's main argument is that the ALJ improperly rejected Dr. Covey's restriction that he can perform simple repetitive tasks "with no public contact."  Plaintiff contends the ALJ failed to give specific and legitimate reasons for not including this limitation on public contact in the assessed RFC.  To the contrary, however, the ALJ did a thorough analysis of Plaintiff's record and testimony and found it does not support this limitation.

Accordingly, for the reasons outlined above, the Court finds no error in fashioning the RFC and concludes that the ALJ duly considered Plaintiff's mental impairments in the decision.

### D. **The ALJ Properly Evaluated Plaintiff's Ability to Perform Jobs in the National Economy**

Plaintiff asserts that the ALJ improperly relied on the vocational expert's testimony in finding Plaintiff was able to perform certain jobs, as the hypothetical given to the vocational expert did not include Plaintiff's mental limitations supported by the medical record.  [Dkt. No. 20, 15].

1   Plaintiff's entire argument rests on the premise that the ALJ improperly

2   evaluated the opinions of Drs. Chehrazi and Covey and did not include sufficient mental

3   limitations in Plaintiff's RFC.  As set forth, there was no legal error in the ALJ's

4   evaluation of these medical opinions.  Furthermore, there also was no legal error in the

5   RFC assessed by the ALJ.  Plaintiff would like for the ALJ to have included mental

6   limitations based almost exclusive on his subjective complaints.  The ALJ is only bound

7   to include limitations to the RFC supported by substantial evidence.  See Batson v.

8   Barnhart, 359 F.3d 1190, 1197 (9th Cir. 2004); Bayliss v. Barnhart, 427 F.3d 1211, 1217

9   (9th Cir. 2005); Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001) ("Nor was

10  the ALJ bound to accept as true the restrictions set forth in the second hypothetical

11  question if they were not supported by substantial evidence.").

12  Based on the properly assessed RFC of light work, the ALJ properly relied upon

13  the VE testimony to conclude that prior to February 3, 2015, Plaintiff was "capable of

14  making a successful adjustment to other work that exists in significant numbers in the

15  national economy."  (AR 41-42); see Bayliss, 427 F.3d at 1217 (because the "hypothetical

16  that the ALJ posed to the VE contained all of the limitations that the ALJ found credible

17  and supported by substantial evidence in the record," the "ALJ's reliance on testimony

18  the VE gave in response to the hypothetical therefore was proper").

19  There was no error in the ALJ's finding that Plaintiff had the ability to perform

20  jobs existing in significant numbers in the national economy prior to February 3, 2015.

21

22

23

24

-13-

## V.  **CONCLUSION**

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice.  Judgment shall be entered accordingly.

DATE: June 8, 2020

_____/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge